UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CARDWELL, on behalf of himself and a Class of all individuals similarly situated,<br><br>                Plaintiff,<br>v.<br>SONY ELECTRONICS, INC.,<br>                Defendants. | Civil No. 10cv493 AJB<br><br>Order Denying Motions to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6) and Granting In Part and Denying In Part Motion to Strike Pursuant to Rule 12(f)<br><br>[Doc. No. 36] |

On April 23, 2010, the Plaintiff filed his First Amended Complaint ("FAC") in this putative class action. [Doc. No. 31.] The Defendant filed a motion to dismiss the FAC, [Doc. No. 36], pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and moved to strike certain averments in the FAC as non-actionable "puffery" pursuant to Rule 12(f).[1] The Plaintiff opposed the motion. [Doc. No. 37.] Defendant filed a reply. [Doc. No. 38.] The Court held a hearing on the matter on July 30, 2010. John Medler appeared on behalf of Lead Plaintiff. Charles Newman and Edward Swan appeared on behalf of Defendant.

///

///

---

[1] Unless otherwise noted, all subsequent references to the rules refer to the Federal Rules of Civil Procedure.

After careful consideration of the parties' papers and oral arguments, the Court DENIES the Defendant's motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) and GRANTS IN PART and DENIES IN PART Defendant's motion to strike pursuant to Rule 12(f).

## *Background*

### A. Parties

Dennis Cardwell is the lead plaintiff in this putative class action against defendant Sony Electronics, Inc.  The Plaintiff claims that during the class period, the Defendant falsely overstated the battery life of its VAIO laptop computers for normal uses.

#### *1. Plaintiff Dennis Cardwell*

Plaintiff Cardwell is, and at all times relevant herein was, a resident of Jefferson County, Missouri, which is within the Eastern District of Missouri, and regularly works at his place of employment in St. Louis County, Missouri, which is within the Eastern District of Missouri. Cardwell is a citizen of Missouri. The remaining members of the Class come from all fifty states.  The Plaintiff purchased an SR series laptop during the class period based upon the Defendant's false and overstated battery life representations and was allegedly damaged from this purchase.

#### *2. Defendant Sony Electronics, Inc.*

Defendant Sony Electronics Inc. is the largest subsidiary of Sony Corporation of America, the U.S. holding company for Sony's U.S.-based electronics and entertainment business. Sony Corporation of America, in turn, is a subsidiary of the Japan-based Sony Corporation. Sony Electronics, Inc. is a corporation in good standing which is incorporated in Delaware, is registered to do business in all fifty states and has its principal places of business located in San Diego, California, within the Southern District of California.

### B. Plaintiff's Allegations

The Plaintiff, a resident of Missouri, states that in August and September 2009, he reviewed Sony's website and battery life representations prior to his purchase.  The Plaintiff initially purchased a P Series VAIO laptop, but subsequently returned it when he realized it did not contain a DVD player. The Plaintiff purchased an SR series laptop from the Defendant's website www.sonystyle.com on October 9, 2009.  The Plaintiff states that he based his decision to purchase the VAIO SR series laptop

1  upon the Defendant's battery life claims of up to 6 hours and because it was not as expensive as some of
2  the other models.  The Plaintiff alleges that he fully charged the battery and proceeded to watch a DVD
3  and after 2 hours and 16 minutes, the laptop powered off.  The Plaintiff subsequently changed the power
4  options to the power saver option for the longest battery life and this time the battery lasted for 3 hours
5  and 19 minutes while playing DVDs.
6      On Monday, October 19, 2009, the Plaintiff sent a notice to Defendant on behalf of himself and
7  others similarly situated, that he believed that  Sony was in breach of contract and had engaged in
8  deceptions, concealment of material facts, and unfair practices in connection with the battery life
9  representations and omissions of their VAIO laptop computers. Thereafter, he brought this putative
10 nationwide class action, asserting claims under the Unfair Competition Law (UCL), Cal. Bus. & Prof.
11 Code §§ 17200 et seq.; the False Advertising Law (FAL), Cal. Bus. & Prof. Code §§ 17500 et seq.; and
12 the California Consumer Legal Remedies Act (CLRA), Cal. Civ.Code. §§ 1750 et seq., California
13 Uniform Commercial Code § 2313 et seq.; and breach of contract; seeking compensatory and punitive
14 damages, attorneys' fees, and expenses.

15                                                                  ***Discussion***

16 ***I.  Motion to Dismiss Pursuant to Rule 12(b)(1)- Lack of Subject Matter Jurisdiction***

17     Federal courts have limited jurisdiction, and therefore, can only hear certain types of claims that
18 the Constitution or Congress has authorized them to adjudicate.  *Kokkonen v. Guardian Life Ins. Co. of*
19 *America*, 511 U.S. 375, 377 (1994).  For example, common bases for federal jurisdiction include
20 actions: where there is diversity of citizenship among the parties (28 U.S.C. § 1332); the parties' dispute
21 presents a federal question (28 U.S.C. § 1331); or the claims are based on statutes that regulate specific
22 subject matters such as civil rights, antitrust, copyright, and trademark.  Thus, "[i]t is presumed that a
23 cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the
24 party asserting jurisdiction.  *Kokkonen*, 511 U.S. at 377.
25     The Defendant has moved to dismiss the FAC on the grounds that the Plaintiff purchased the
26 laptop in order to initiate this litigation.  The Defendant argues that the Plaintiff purchased the product
27 solely to facilitate the filing of this class action lawsuit and thus lacks injury in fact and therefore
28 standing. The Defendant argues that the Plaintiff's "setup purchase" cannot confer standing to sue. *See*

1 Reply at 2. The cases cited by the Defendant are all inapposite for a variety of reasons.[2] The Defendant
2 loses sight of the fact that in ruling on this motion to dismiss, the Court must accept the allegations set
3 forth in the FAC as true and draw all reasonable inferences in favor of the Plaintiff. *Ashcroft v. Iqbal*,
4 129 S. Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167
5 L.Ed. 2d 929 (1986). The allegations in the FAC state that the Plaintiff purchased the laptop for
6 "personal, family or household use."[3] The nefarious inferences the Defendant asks this Court to draw
7 run counter to the allegations set forth in the FAC and this Court's duty to draw all reasonable
8 inferences in favor of the Plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The
9 sufficiently plead factual allegations set forth in the FAC plausibly give rise to an entitlement to relief.
10 *Ashcroft*, 129 S. Ct. at 1950. As such, the Court hereby DENIES Defendant's motion to dismiss
11 pursuant to Rule 12(b)(1).

### II. Motion to Dismiss Pursuant to Rule 12(b)(6)- Failure to State a Claim

A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

---

[2] *Buckland v. Threshold Enterprises,* 155 Cal. App. 4th 798, 815-16 (Cal. App. 2007)(Affidavit filed stating product purchased for litigation purposes.); *Pucket v. Hot Springs School District*, 526 F.3d 1151 (8th Cir. 2008) (Decision ruled on a motion for summary judgment.); *Harris v. Stonecrest Care Auto Center*, *LLC*, 472 F. Supp. 2d 1208 (S.D. Cal. 2007) (Decision based on bench trial.); *Cattie v. Walmart Stores, Inc.*, 504 F. Supp. 2d 939, 946 (S.D. Cal. 2007) (Plaintiff admitted that plaintiff never opened or used the product.)

"

The Defendant contends that since the Plaintiff only claims to have used his notebook for DVD playback and has failed to identify any representation made by the Defendant regarding battery life for that function, the Plaintiff's claims are barred under Rule 12(b)(6). The Defendant argues that the Plaintiff fails to state a claim because he fails to a identify a representation or promise made by the Defendant regarding battery life for DVD playback upon which he relied. However, the FAC does allege that Defendant's website contained representations regarding the battery life of their laptops and specifically that the SR series has "up to 6 hrs. standard power." *See* FAC, ¶ ¶ 32-4. While it is clear that the Defendant challenges the veracity of the Plaintiff's claims, this presents a factual dispute which cannot be resolved on a motion to dismiss. The Plaintiff has pled the claims set forth in the FAC sufficiently to survive the motion to dismiss. As such, the Court hereby DENIES Defendant's motion to dismiss pursuant to Rule 12(b)(6).

### III. Motion to Strike Pursuant to Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. *Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F. Supp. 2d 1136, 1139 (S.D. Cal. 2006); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Calif., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Thus, courts generally grant a motion to strike only where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Leduc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). If the allegations are redundant or immaterial, they need not be stricken if their presence in the pleading cannot prejudice the adverse party and if, when viewed in conjunction with the complaint's other allegations, the aggregate provides a better understanding of the allegations as a whole. *See* Moore's Federal Practice, Vol. 2, Par. 12.21; *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) (denying defendant's motion to strike statements of past historical fact finding such statements should not be viewed in isolation, but rather as part of

a'mosaic to see if these statements, in the aggregate, created a misleading impression.).  If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied.

The Defendant has moved under Rule 12(f) to strike statements in the FAC which it contends are non-actionable puffery.  Specifically, the Defendants move to strike paragraphs 27, 30, 31 and 57 of the FAC.  With regard to the statements that Plaintiff acknowledges and agrees are non-actionable puffery, the Plaintiff initially argued in its opposition that these statements should not be stricken because they were made by the Defendant with knowledge that the statements: 1) related to important functions and anticipated uses of the product; and 2) that consumers would rely on them in making their purchase.

During the course of the hearing, the Court explained its inclination to strike the puffery language from paragraphs 27, 30, 31 and 57 rather than the entire paragraphs as requested by Defendants, to prevent the unnecessary expansion of discovery under Rule 26 to include models and functions not implicated by the allegations of the FAC.  The Plaintiff thereafter conceded that the "puffery" language was not necessary and could be removed by the Court. As such, the Court hereby GRANTS IN PART and DENIES IN PART the Defendant's motion to strike pursuant to Rule 12(f) as follows:

**Paragraph 27**: Everything after the first sentence shall be stricken.

**Paragraph 30**: The entire paragraph shall be stricken.

**Paragraph 31**: All subparts shall be stricken.

**Paragraph 57**: Everything after the first sentence shall be stricken.

### *Conclusion*

For the reasons set forth above, the Court DENIES Defendant's motion to dismiss as Plaintiff has met the pleading standards of the .  The Court ORDERS the Defendant to file an answer on or before September 10, 2010.

IT IS SO ORDERED.

DATED: August 3, 2010

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court