1  JOEL D. SIEGEL (State Bar No. 155581)
   PAUL KAKUSKE (State Bar No. 190911)
2  SONNENSCHEIN NATH & ROSENTHAL LLP
   601 South Figueroa Street, Suite 2500
3  Los Angeles, California 90017-5704
   Telephone: (213) 623-9300
4  Facsimile: (213) 623-9924
   jsiegel@sonnenschein.com
5  pkakuske@sonnenschein.com

6  CHARLES A. NEWMAN (*pro hac vice*)
   HANNAH F. PRESTON (*pro hac vice*)
7  SONNENSCHEIN NATH & ROSENTHAL LLP
   211 North Broadway, Suite 3000
8  St. Louis, Missouri  63102
   Telephone:  (314) 241-1800
9  Facsimile:  (314) 259-5959
   cnewman@sonnenschein.com
10 hpreston@sonnenschein.com

11 EDWARD PATRICK SWAN, JR. (State Bar No. 089429)
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
12 600 West Broadway, Suite 2600
   San Diego, California  92101-3372
13 Telephone:  (619) 699-2415
   Facsimile:  (619) 645-5321
14 pswan@luce.com

15 Attorneys for Defendant Sony Electronics Inc.

16                 UNITED STATES DISTRICT COURT

17                SOUTHERN DISTRICT OF CALIFORNIA

18

19 DENNIS CARDWELL, on behalf of            Case No. 3:10-CV-00493 LAB (AJB)
   himself and a Class of all individuals
20 similarly situated,                      DEFENDANT SONY ELECTRONICS
                                            INC.'S ANSWER AND AFFIRMATIVE
21          Plaintiffs,                     DEFENSES TO FIRST AMENDED
                                            COMPLAINT
22       v.

23 SONY ELECTRONICS, INC.,

24          Defendant.

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

This is the answer of Defendant, Sony Electronics Inc. ("SEL"), to Plaintiff's First Amended Complaint ("Complaint") (Docket # 27-1).

**PARTIES, JURISDICTION, and VENUE**

1.    SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 1 of the Complaint and therefore denies them.

2.    SEL admits the averments of paragraph 2 of the Complaint.

3.    SEL denies that this Court has subject matter jurisdiction over this matter because Plaintiff, Dennis Cardwell, has not suffered any injury-in-fact as a result of SEL's alleged conduct and thus no case or controversy exists.

4.    Paragraph 4 of the Complaint states a legal conclusion to which no response is required.

5.    SEL is without sufficient knowledge or information to form a belief as to the truth of the averments regarding the citizenship of Plaintiff, Dennis Cardwell, and the putative class members and therefore denies them.  SEL admits that SEL is a citizen of Delaware and California.

6.    SEL admits that Plaintiff, on behalf of the putative class, purports to seek damages in excess of $5,000,000, but SEL denies that Plaintiff and the putative class are entitled to any damages.

7.    SEL admits the averments of paragraph 7 of the Complaint.

8.    The first sentence of paragraph 8 of the Complaint is argumentative, should be stricken, and requires no response.[1]  SEL specifically denies that it "falsely overstates the amount of battery life of its VAIO laptop computers." With respect to the second sentence of paragraph 8, SEL, a separate and distinct entity from Sony Corporation and other affiliates, denies that SEL has sold "millions of VAIO laptop computers" each year during the putative

---

[1] Consistent with the Court's rulings in response to SEL's Motion to Strike and to Dismiss on July 30, 2010, SEL responds herein only with respect to the notebook computer model allegedly purchased by the named plaintiff, Dennis Cardwell, *i.e.*, the SR Series VAIO.

class period.  The third and fourth sentences of paragraph 8 state legal conclusions to which no response is required.  SEL specifically denies that Plaintiff and the putative class are entitled to any refund or other damages.

9.    Paragraph 9 of the Complaint states a legal conclusion to which no response is required.

10.  With respect to the averments of paragraph 10 of the Complaint, SEL admits that its corporate headquarters are located in California, it performs business in California and other states, it has employees within California and other states, it warehouses and ships merchandise to and from California and other states, it advertises in California and other states, it enters into contracts in California and other states, and a significant number of SEL employees who support the SonyStyle web site work and maintain their files in California.  SEL denies all the remaining averments contained in paragraph 10.

11.  SEL admits the averments contained in the first two sentences of paragraph 11 of the Complaint.  With respect to the remaining averments contained in paragraph 11, SEL states that the forum selection clause contained in the Terms and Conditions posted on the SonyStyle web site speaks for itself.

12.  SEL admits the averments of paragraph 12 of the Complaint.

13.  SEL admits that on March 5, 2010, the Eastern District of Missouri entered an order transferring this action to this Court.

14.  The first sentence of paragraph 14 of the Complaint states a legal conclusion to which no response is required.  SEL admits the averments of the second sentence of paragraph 14.

15.  The first sentence of paragraph 15 of the Complaint states a legal conclusion to which no response is required.  With respect to the averments of the second sentence of paragraph 15, SEL admits that venue is proper in this Court.

16.  The first sentence of paragraph 16 of the Complaint states a legal conclusion to which no response is required.  With respect to the averments of the second sentence of

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

paragraph 16, SEL admits that its corporate headquarters are located in the Southern District of California, some VAIO notebook computers are sold in the Southern District of California, and SEL has employees in the Southern District of California.  SEL denies each and every remaining averment in paragraph 16.

17.  SEL admits the averments of paragraph 17 of the Complaint.

18.  With respect to the first two sentences of paragraph 18 of the Complaint, SEL admits that SEL is a wholly-owned subsidiary of Sony Corporation of America.  Sony Corporation of America is a wholly-owned subsidiary of Sony Americas Holding Inc., which is a wholly-owned subsidiary of Sony Corporation, a company that exists under the laws of Japan.  With respect to the third sentence of paragraph 18, SEL, a separate and distinct entity from Sony Corporation and other affiliates, denies that it had total annual sales of $88 billion for the fiscal year ending March 31, 2008.  With respect to the fourth sentence of paragraph 18, SEL admits that it distributes VAIO notebook computers and consumer electronics products in the United States.  SEL denies the remaining averments of paragraph 18 of the Complaint.

19.  SEL admits the averments of the first sentence of paragraph 19 of the Complaint.  With respect to the second sentence of paragraph 19, SEL admits that its customers in California, Missouri, and other states currently are able to purchase VAIO notebook computers and other products through the Internet web site *www.sonystyle.com*.  SEL denies the remaining averments of paragraph 19 of the Complaint.

20.  SEL admits that it ships VAIO notebook computers to customers in California, Missouri, and other states.  SEL denies the remaining averments of paragraph 20 of the Complaint.

21.  Paragraph 21 of the Complaint states a legal conclusion to which no response is required.

22.  SEL admits that certain advertisements for its VAIO notebook computers have been accessible to customers in California, Missouri, and other states.  SEL denies the remaining averments of paragraph 22 of the Complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

23.  The first sentence of paragraph 23 of the Complaint is argumentative and, as such, should be stricken and requires no response.  SEL specifically denies that it has employed "deception," "conceal[ed] . . . material facts," breached any contract or warranty, or committed any other wrongdoing alleged by Plaintiff.  SEL admits that Plaintiff purports to assert claims under the causes of action listed in the second sentence of paragraph 23 but denies that Plaintiff or the putative class can state a claim or prevail on any cause of action Plaintiff asserts.  With respect to the final two sentences of paragraph 23, SEL admits that Plaintiff purports to bring his claims under California law but states that the Terms and Conditions posted on the SonyStyle web site applicable to purchases from such site speak for themselves.  SEL denies each and every remaining averment in paragraph 23.

24.  SEL admits the averments of paragraph 24 of the Complaint with respect to the introduction of VAIO notebooks in United States market.

25.  SEL denies the averments of the first two sentences of paragraph 25 of the Complaint to the extent they allege sales by SEL, a separate and distinct entity from Sony Corporation and other affiliates.  With respect to the third sentence of paragraph 25, SEL admits that it has sold VAIO notebook computers to persons in California, Missouri, and other states. SEL denies the remaining averments of paragraph 25.

26.  SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 26 of the Complaint and therefore denies them.  The "reasons" for purchasing a specific computer vary from customer to customer.

27.  SEL denies the averments of the first sentence of paragraph 27 of the Complaint. The Court's Order of August 3, 2010, struck all remaining averments in paragraph 27 (Docket # 44, at p.6); therefore, no response to those averments is required.

28.  SEL admits that, when a user operates a notebook computer that is not plugged into an electrical outlet, the computer generally is utilizing battery power to operate.  SEL denies the remaining averments of paragraph 28 of the Complaint.

29.  SEL is without sufficient knowledge or information to form a belief as to the truth

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT
Case No. 10-CV-00493 LAB (AJB)

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

of the averments of the first sentence of paragraph 29 of the Complaint and therefore denies them.  The reasons for purchasing a specific computer vary from customer to customer.  SEL denies the averments of the second sentence of paragraph 29.

30.  The Court's Order of August 3, 2010, struck paragraph 30 in its entirety from the Complaint (Docket # 44, at p.6); therefore, no response to paragraph 30 is required.

31.  With respect to the first sentence of paragraph 31 of the Complaint, SEL admits that from time to time its marketing materials for some VAIO notebook models have referenced the use of Wi-Fi or wireless devices or applications used to play movies or music, download graphics, or play video games.  SEL states that these tasks, like any operation a user performs on a computer, require a certain amount of "processing power" and admits that users generally utilize the computer screen or audio functions when performing tasks such as watching movies or playing games.  SEL denies the remaining averments of the first sentence of paragraph 31. The Court's Order of August 3, 2010, struck all subparts of paragraph 31 (Docket # 44, at p.6); therefore, no response to those averments is required.

32.  SEL admits that some historic snapshots, taken periodically, of the contents of its e-commerce web site at *www.sonystyle.com* indicate that, in or about October 2009 when Plaintiff ordered an SR Series VAIO notebook computer, the SonyStyle web site content for the SR Series VAIO notebook estimated up to six hours of battery life (standard capacity battery), while noting that actual battery life may vary based on product settings, usage patterns and environmental conditions.  To the extent paragraph 32 contains any other averments, SEL denies them.

33.  SEL admits that it offers both Standard Capacity Lithium-ion batteries and Large Capacity (also known as Extended Capacity) batteries for its VAIO notebook computers and that estimated battery life statements that reference "standard battery power" generally refer to results obtained with the Standard Capacity battery, rather than the Large (or Extended) Capacity battery.  SEL further admits that, for certain notebook models that are not customized to order, a Standard Capacity battery typically is included in the base purchase price for the

computer.  Depending on the model, a Large (or Extended) Capacity battery may be included with a notebook or may be purchased for an additional charge.  Sony denies the remaining averments of paragraph 33 of the Complaint.

34.  SEL admits that some historic snapshots, taken periodically, of the contents of its e-commerce web site at *www.sonystyle.com* indicate that, in or about October 2009 when Plaintiff ordered an SR Series VAIO notebook computer, the SonyStyle web site content for the SR Series VAIO notebook estimated up to six hours of battery life (standard capacity battery), while noting that actual battery life may vary based on product settings, usage patterns and environmental conditions.  SEL is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of paragraph 34 and therefore denies them.

35.  SEL denies the averments of paragraph 35 of the Complaint.

36.  SEL denies the averments of paragraph 36 of the Complaint.

37.  Paragraph 37 of the Complaint is argumentative and, as such, should be stricken and requires no response.  However, to the extent that any of the averments in paragraph 37 are factual in nature, SEL denies each and every averment set forth in paragraph 37.

38.  SEL denies the averments of paragraph 38 of the Complaint.

**THE JEITA TEST**

39.  SEL denies the averments of the first sentence of paragraph 39 of the Complaint. On information and belief, SEL admits the averments of the second sentence of paragraph 39. SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of the third sentence of paragraph 39.  SEL, a separate and distinct entity from Sony Corporation and other affiliates, denies the averments in the fourth sentence of paragraph 39.

40.  SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 40 of the Complaint and therefore denies them.

41.  SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 41 of the Complaint and therefore denies them.

42.  SEL is without sufficient knowledge or information to form a belief as to the truth

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   of the averments of paragraph 42 of the Complaint, including each and every subpart, and

2   therefore denies them.

3       43.  SEL is without sufficient knowledge or information to form a belief as to the truth

4   of the averments of paragraph 43 of the Complaint and therefore denies them.

5       44.  SEL is without sufficient knowledge or information to form a belief as to the truth

6   of the averments of paragraph 44 of the Complaint and therefore denies them.

7       45.  SEL denies the averments of paragraph 45 of the Complaint.

8       46.  Paragraph 46 of the Complaint is argumentative and, as such, should be stricken

9   and requires no response.  However, to the extent that any of the averments in paragraph 46 are

10  factual in nature, SEL denies each and every averment set forth in paragraph 46.

11      47.  SEL is without sufficient knowledge or information to form a belief as to the truth

12  of the averments of paragraph 47 of the Complaint and therefore denies them.  To the extent

13  paragraph 47 purports to quote materials that are publicly available globally online, those

14  materials speak for themselves.

15      48.  SEL is without sufficient knowledge or information to form a belief as to the truth

16  of the averments of paragraph 48 of the Complaint and therefore denies them.  To the extent

17  paragraph 48 purports to quote materials that are publicly available globally online, those

18  materials speak for themselves.

19      49.  SEL, a separate and distinct entity from Sony Corporation and other affiliates, that

20  sells notebook computers in the United States, denies the averments of paragraph 49 of the

21  Complaint.

22      50.  Paragraph 50 of the Complaint is argumentative and, as such, should be stricken

23  and requires no response.  However, to the extent that any of the averments in paragraph 50 are

24  factual in nature, SEL is without sufficient knowledge or information to form a belief as to the

25  truth of the averments and therefore denies them.

26      51.  Paragraph 51 of the Complaint is argumentative and, as such, should be stricken

27  and requires no response.  However, to the extent that any of the averments comparing JEITA

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

tests in paragraph 51 are factual in nature, SEL is without sufficient knowledge or information to form a belief as to the truth of the averments and therefore denies them. SEL denies any other factual averments in paragraph 51.

52. SEL denies the averments of paragraph 52 of the Complaint.

53. SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 53 of the Complaint and therefore denies them.

54. Paragraph 54 of the Complaint is argumentative and, as such, should be stricken and requires no response. However, to the extent that any of the averments in paragraph 54 are factual in nature, SEL denies each and every averment set forth in paragraph 54.

55. Paragraph 55 of the Complaint is argumentative and, as such, should be stricken and requires no response. However, to the extent that any of the averments in paragraph 55 are factual in nature, SEL is without sufficient knowledge or information to form a belief as to the truth of the averments and therefore denies them.

56. SEL denies the averments of paragraph 56 of the Complaint and specifically denies the assumption implicit in those averments that it utilized the JEITA or JEITA-A test in connection with battery life estimates posted on the SonyStyle web site during the putative class period.

57. SEL denies the averments of the first sentence of paragraph 57 of the Complaint. The Court's Order of August 3, 2010, struck all remaining averments in paragraph 57 (Docket # 44, at p.6); therefore, no response to those averments is required.

58. SEL denies the averments of the first sentence of paragraph 58 of the Complaint. SEL admits that some historic snapshots, taken periodically, of the contents of its e-commerce web site at *www.sonystyle.com* indicate that, in or about October 2009 when Plaintiff ordered an SR Series VAIO notebook computer, the SonyStyle web site content included the text that is quoted in paragraph 58 and that users of the site could access this text by clicking on a link. SEL admits that the text quoted in paragraph 58 does not reference the "JEITA or JEITA-A test" or the 12 steps described in paragraph 41 of the Complaint. SEL denies each and every

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

remaining averment in paragraph 58.

59. SEL denies the averments of paragraph 59 of the Complaint.

## THE MOBILE MARK TEST

60. SEL is informed and believes that retailers including Best Buy sell certain models of VAIO notebook computers. SEL admits that Best Buy has at times required the MobileMark benchmarking test to be utilized to estimate battery life for VAIO notebook computers sold at Best Buy stores. SEL admits that at times it has utilized MobileMark as part of its battery life testing. To the extent any averments remain in paragraph 60 of the Complaint, SEL denies them.

61. Paragraph 61 of the Complaint is argumentative and, as such, should be stricken and requires no response. However, to the extent that any of the averments in paragraph 61 are factual in nature, SEL denies each and every averment set forth in paragraph 61.

62. SEL is informed and believes that MobileMark 2007 was created and sold by BAPCo for use in connection with the Microsoft Windows XP and Microsoft Windows Vista operating systems. SEL also is informed and believes that BAPCo also created and sold a benchmarking product called MobileMark 2005 for use with the Microsoft Windows XP operating system. SEL is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of paragraph 62 of the Complaint and therefore denies them.

63. SEL is informed and believes that BAPCo is a non-profit computer industry consortium that developed MobileMark 2007. SEL is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of paragraph 63 of the Complaint and therefore denies them.

64. SEL is informed and believes that BAPCo developed MobileMark 2007 as a benchmark for measuring battery life of notebook computers. SEL denies the remaining averments of paragraph 64 of the Complaint.

65. SEL is informed and believes that the MobileMark 2007 benchmarking rules speak for themselves. SEL admits the averments of the second sentence of paragraph 65 of the

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT
Case No. 10-CV-00493 LAB (AJB)

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Complaint.  SEL is without sufficient knowledge or information to understand what is meant by Plaintiff's reference to "good" LCD monitors in the third sentence of paragraph 65 and therefore denies the averments in such sentence.  SEL is without sufficient knowledge or information to form a belief as to the truth of the averments in the fourth sentence of paragraph 65 and therefore denies them.  The fifth sentence of paragraph 65 is argumentative and, as such, should be stricken and requires no response.  However, to the extent that any of the averments in that sentence are factual in nature, SEL denies each and every one of them.

66.  In response to the first sentence of paragraph 66 of the Complaint, SEL states that the screen brightness settings on VAIO notebook computers generally do not reference "nits," but it is without sufficient knowledge or information to form a belief as to the truth of the averment that "nits" are referenced "[n]owhere on the settings on any laptops" it sells and therefore denies that averment.  Sony denies the averments of the second sentence of paragraph 66.

67.  SEL is informed and believes that the MobileMark 2007 benchmarking rules speak for themselves.  The second clause contained in paragraph 67 of the Complaint is argumentative and, as such, should be stricken and requires no response.  However, to the extent that any of the averments are factual in nature, SEL denies each and every one.

68.  SEL admits that it generally does not activate wireless devices when running the MobileMark 2007 benchmark on VAIO notebook computers as part of its battery life testing.  SEL is without sufficient knowledge or information to form a belief as to the practices of other manufacturers and therefore denies the remaining averments of paragraph 68 of the Complaint.

69.  SEL is informed and believes that MobileMark 2005 includes a wireless browsing module and that no wireless browsing module is contained in MobileMark 2007.  The averments of the second sentence of paragraph 69 of the Complaint are argumentative and, as such, should be stricken and require no response.  However, to the extent that any of the averments are factual in nature, SEL is without sufficient knowledge or information to form a belief as to their truth and therefore denies them.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

70.  SEL admits that wireless capabilities are one of the features that at times has been included in its marketing of certain VAIO notebook computer models.  SEL is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of paragraph 70 of the Complaint and therefore denies them.  The "reasons" for purchasing a specific notebook computer vary from customer to customer.

71.  SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 71 of the Complaint and therefore denies them.

72.  SEL admits that gaming and DVD playback capabilities are among the features that at times have been included in its marketing of certain VAIO notebook computer models.  SEL denies the remaining averments of paragraph 72 of the Complaint.

73.  Paragraph 73 of the Complaint is argumentative and, as such, should be stricken and requires no response.  However, to the extent that any of the averments in paragraph 73 of the Complaint are factual in nature, SEL is without sufficient knowledge or information to form a belief as to their truth and therefore denies them.

74.  SEL is without sufficient knowledge or information regarding the practices of Best Buy and "computer manufacturers" to form a belief as to the truth of the averments of paragraph 74 of the Complaint and therefore denies them.

75.  SEL is informed and believes that MobileMark 2007 includes three modules of testing, including the "Productivity" module, the "DVD" module, and the "Reader" module.  The remaining averments of paragraph 75 of the Complaint are argumentative and, as such, should be stricken and require no response.  However, to the extent that any of the averments in paragraph 75 are factual in nature, SEL is without sufficient knowledge or information to form a belief as to their truth and therefore denies them.

76.  SEL is informed and believes that the MobileMark 2007 Benchmarking Rules speak for themselves.  SEL denies the remaining averments of paragraph 76.

77.  Paragraph 77 of the Complaint is argumentative and, as such, should be stricken and requires no response.  However, to the extent that any of the averments in paragraph 77 are

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

factual in nature, SEL is without sufficient knowledge or information to form a belief as to their truth and therefore denies them.  To the extent paragraph 77 purports to quote a public statement made by an officer for AMD, that statement speaks for itself.

78.  SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 78 of the Complaint and therefore denies them.

79.  Paragraph 79 of the Complaint is argumentative and, as such, should be stricken and requires no response.  However, to the extent that any of the averments in paragraph 79 are factual in nature, SEL is without sufficient knowledge or information to form a belief as to their truth and therefore denies them.

80.  SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 80 of the Complaint and therefore denies them.

81.  Paragraph 81 of the Complaint is argumentative and, as such, should be stricken and requires no response.  However, to the extent that any of the averments in paragraph 81 are factual in nature, SEL denies each and every averment set forth in paragraph 81.

82.  SEL admits that it has utilized the MobileMark 2007 benchmark from time to time as part of its battery life testing.  The remaining averments in paragraph 82 of the Complaint are argumentative and, as such, should be stricken and require no response.  However, to the extent that any of the averments are factual in nature, SEL denies each and every one.

83.  Paragraph 83 of the Complaint is argumentative and, as such, should be stricken and requires no response.  However, to the extent that any of the averments in paragraph 83 are factual in nature, SEL denies each and every averment set forth in paragraph 83.

## SONY CHANGES ITS WEBSITE

84.  SEL admits that beginning in or about mid-October 2009, the format of marketing materials for certain VAIO notebook computer models on the SonyStyle web site included a graphic or section of text providing estimated battery life for "DVD Playback," "Max. Brightness" or "Full Brightness," and "Default Settings" or "Default Brightness."  SEL denies the remaining averments in paragraph 84 of the Complaint.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    85.  SEL denies the averments of paragraph 85 of the Complaint.

2    86.  SEL is without sufficient knowledge or information to form a belief as how the

3    chart depicted in paragraph 86 of the Complaint was prepared and therefore denies the

4    averments it contains.  Further, paragraph 86 contains averments that are argumentative and, as

5    such, should be stricken and require no response.  However, to the extent that any of the

6    averments in paragraph 86 are factual in nature, SEL lacks sufficient knowledge or information

7    to form a belief as to the truth of the averments and, on that basis, denies each and every

8    averment set forth in paragraph 86.

9    87.  SEL states that it does not sell a "Pi series" model of VAIO notebook computers

10   and that the BZ Series VAIO notebook is no longer available through SonyStyle's web site.

11   SEL denies the remaining averments contained in paragraph 87 of the Complaint.

12   88.  SEL denies the averments of paragraph 88 of the Complaint.

13   89.  SEL denies the averments of paragraph 89 of the Complaint.

14   **PLAINTIFF DENNIS CARDWELL'S FACTUAL ALLEGATIONS**

15   90.  SEL admits that Plaintiff, Dennis Cardwell, purchased a P Series VAIO notebook

16   computer in August 2009 and returned that notebook for a full refund approximately two weeks

17   after he purchased it.  SEL is without sufficient knowledge or information to form a belief as to

18   the truth of the remaining averments of paragraph 90 of the Complaint and therefore denies

19   them.

20   91.  SEL is without sufficient knowledge or information to form a belief as to the truth

21   of the averments of paragraph 91 of the Complaint and therefore denies them.

22   92.  SEL admits that Plaintiff, Dennis Cardwell, placed an order for a SR Series VAIO

23   notebook computer through the SonyStyle web site on or about October 9, 2009, that the list

24   price for the computer was more than $1,000, and that Plaintiff requested that the computer be

25   shipped to an address on Manchester Road in St. Louis, Missouri.  SEL is without sufficient

26   knowledge or information to form a belief as to the truth of the remaining averments of

27   paragraph 92 of the Complaint and therefore denies them.

28

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT
Case No. 10-CV-00493 LAB (AJB)

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

93.  SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 93 of the Complaint and therefore denies them.

94.  SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 94 of the Complaint and therefore denies them.

95.  SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 95 of the Complaint and therefore denies them.

96.  SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 96 of the Complaint and therefore denies them.

97.  SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 97 of the Complaint and therefore denies them.

98.  SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 98 of the Complaint and therefore denies them.

99.  SEL states that its records indicate that an SR Series notebook computer was shipped to Plaintiff, Dennis Cardwell, via Federal Express on or about October 13, 2009.  SEL is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of paragraph 99 of the Complaint and therefore denies them.

100.     SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 100 of the Complaint and therefore denies them.

101.     SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 101 of the Complaint and therefore denies them.

102.     SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 102 of the Complaint and therefore denies them.

103.     SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 103 of the Complaint and therefore denies them.

104.     SEL denies the averments of the first sentence of paragraph 104 of the Complaint.  SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of the second sentence of paragraph 104 of the Complaint and therefore denies

them.

105.     SEL admits that VAIO Optimized, Power Saver, and High Performance are three power plans that are available on Plaintiff's SR Series VAIO notebook computer, and that selection of the Power Saver plan generally results in a longer battery life than selection of the VAIO Optimized plan, that in turn generally results in a longer battery life than selection of the High Performance plan.  SEL has no knowledge of what settings were selected on Plaintiff's SR Series notebook at the time he tested its battery life, is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of paragraph 105 of the Complaint, and therefore denies them.

106.     SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 106 of the Complaint and therefore denies them.

107.     SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 107 of the Complaint and therefore denies them.

108.     SEL admits that it received a letter purportedly from Plaintiff, Dennis Cardwell, dated October 19, 2009, purporting to provide "notice" of Plaintiff's intent to file a class action lawsuit.  SEL denies the remaining averments of paragraph 108 of the Complaint, including the legal conclusions asserted in footnote 3.

109.     SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 109 of the Complaint and therefore denies them.  SEL states that it received only one letter, referenced in paragraph 108 above, that purported to be from Plaintiff (and appeared to have been sent from his attorneys' office).

110.     SEL admits that a member of its legal department responded to Plaintiff's letter by contacting Plaintiff's counsel.  The remaining averments of paragraph 110 of the Complaint are argumentative and, as such, should be stricken and require no response.

111.     Paragraph 111 of the Complaint states legal conclusions to which no response is required.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

2

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

### ADDITIONAL STANDING ALLEGATIONS
### UNDER CALIFORNIA LAW FOR CLASS MEMBERS, INCLUDING CARDWELL, WHO ARE NON-RESIDENTS OF CALIFORNIA

112.     SEL admits that Plaintiff purports to bring this case on behalf of a nation-wide class but denies that he has standing to do so or that any such class can be certified.  SEL is without sufficient knowledge or information to form a belief as to the truth of the averments regarding Plaintiff's and putative class members' states of residence in paragraph 112 of the Complaint and therefore denies them.

113.     Paragraph 113 of the Complaint states legal conclusions to which no response is required.

114.     The first three sentences of Paragraph 114 state legal conclusions to which no response is required.  The declarations of James R. Schwarz and Xavier Lauwaert cited in the third sentence of paragraph 114 speak for themselves (Docket # 16, 21), and SEL denies any "facts" set forth in the subparts of paragraph 114 that are inconsistent with those declarations. With respect to each subpart of paragraph 114, SEL responds as follows:

(a)     SEL admits the averments of subparagraph 114(a).

(b)     Subparagraph 114(b) states a legal conclusion to which no response is required.

(c)     SEL admits that a significant number of SEL employees who support the SonyStyle web site work and maintain their files in California, but SEL denies that any materials those employees may have posted to the SonyStyle web site were "fraudulent."

(d)     SEL admits the averments of subparagraph 114(d) only as they pertain to sales operations involved with Plaintiff, Dennis Cardwell's purchase of the SR Series VAIO notebook computer through the SonyStyle online store.  SEL states that it has significant sales operations in states other than California.

(e)     With respect to subparagraph 114(e), SEL states that it is headquartered in California and that most of its employees that may have information pertaining to Plaintiff, Dennis Cardwell's purchase of the SR Series VAIO notebook computer through the SonyStyle

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT
Case No. 10-CV-00493 LAB (AJB)

online store, reside in California.  SEL further states that it has employees in states other than California.

(f)     With respect to subparagraph 114(f), SEL admits that the forum selection clause contained in its Terms and Conditions for purchases made from the SonyStyle online store that requires suits arising from a United States customer's purchase of SEL products from *www.sonystyle.com* to be brought in San Diego or in the United States District Court for the Southern District of California represents an effort to centralize any litigation that may be brought against SEL and to reduce confusion about where suits should be brought.

(g)     With respect to subparagraph 114(g), SEL admits that it drafted the Terms and Conditions that are posted on the SonyStyle web site.  The remaining averments of subparagraph 114(g) are argumentative and, as such, should be stricken and require no response.  However, to the extent that any of those averments are factual in nature, SEL denies each and every one.

(h)     SEL admits the averments of subparagraph 114(h).

(i)     SEL admits that marketing of its products, including its VAIO notebook computers, through the SonyStyle online store utilized by Plaintiff is the responsibility of its information technologies, marketing, and SonyStyle divisions, that are all currently headquartered in San Diego, California.  SEL further states that a significant number of employees who are most knowledgeable about SEL's marketing of its notebook computers through the online SonyStyle store, including the statements referenced in Plaintiff's complaint about the battery life of Sony notebook computers on *www.sonystyle.com*, work, reside and maintain their files at SEL's headquarters in San Diego, California.  SEL denies the remaining averments of subparagraph 114(i).

(j)     SEL admits that a significant number of employees who support the SonyStyle web site and who develop the Sony-authored content of the material displayed in the online SonyStyle store work and maintain their files at SEL's headquarters in San Diego, California and reside in the area.  Whether those individuals are "responsible for the

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   representations about battery life" is a legal conclusion to which no response is required.

2         (k)    SEL admits that a significant number of employees who develop the Sony-

3   authored content of the material displayed in the online SonyStyle store that Plaintiff allegedly

4   used to purchase his Sony VAIO notebook work and maintain their files at Sony's headquarters

5   in San Diego, California, and reside in the area.  SEL denies the remaining averments of

6   paragraph 114(k).

7         (l)    SEL is informed and believes that BAPCo developed MobileMark 2007 and

8   is a California corporation that has its office in California.  SEL denies that BAPCo is a "battery

9   life testing center."

10         (m)    SEL admits the averments of subparagraph 114(m).

11         (n)    SEL admits the averments of subparagraph 114(n).

12         (o)    SEL admits the averments of subparagraph 114(o) only as they pertain to

13   Plaintiff, Dennis Cardwell's purchase of the SR Series VAIO notebook computer.  SEL is

14   without sufficient knowledge or information to form a belief as to the truth of averments

15   concerning the location of evidence regarding the VAIO purchases of putative class members

16   and therefore denies them.

17         (p)    SEL admits the averments of subparagraph 114(p) only as they pertain to

18   Plaintiff, Dennis Cardwell's individual claims.  SEL is without sufficient knowledge or

19   information to form a belief as to the truth of averments regarding the location of witnesses and

20   documents concerning the claims of putative class members and therefore denies them.

21       115.    Paragraph 115 of the Complaint states a legal conclusion to which no

22   response is required.

23       116.    Paragraph 116 of the Complaint states legal conclusions to which no

24   response is required.

25       117.    SEL admits that some of the conduct Plaintiff, Dennis Cardwell, challenges

26   in this action occurred in California.  SEL denies the remaining averments of paragraph 117.

27       118.    The declarations of James R. Schwarz and Xavier Lauwaert cited in

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT
Case No. 10-CV-00493 LAB (AJB)

paragraph 118 speak for themselves (Docket # 16, 21), and SEL denies any "facts" set forth in the subparts of paragraph 118 that are inconsistent with those declarations. With respect to each subpart of paragraph 118, SEL responds as follows:

(a)     SEL admits that a significant number of SEL employees who support the SonyStyle web site work and maintain their files in California, but SEL denies that any materials those employees may have posted to the SonyStyle web site were "fraudulent."

(b)     SEL admits the averments of subparagraph 118(b) only as they pertain to sales operations involved with Plaintiff, Dennis Cardwell's purchase of the SR Series VAIO notebook computer through the SonyStyle online store. SEL states that it has significant sales operations in states other than California.

(c)     With respect to subparagraph 118(c), SEL states that it is headquartered in California and that most of its employees that may have information pertaining to Plaintiff, Dennis Cardwell's purchase of the SR Series VAIO notebook computer through the SonyStyle online store, reside in California. SEL further states that it has employees in states other than California.

(d)     With respect to subparagraph 118(d), SEL admits that the drafting of the Terms and Conditions that were posted on the SonyStyle web site during the putative class period occurred in part in California.

(e)     SEL denies the averments of subparagraph 118(e).

(f)     SEL admits the averments of subparagraph 114(f).

(g)     SEL admits that marketing of its products, including its VAIO notebook computers, through the SonyStyle online store utilized by Plaintiff is the responsibility of its information technologies, marketing, and SonyStyle divisions, that are all currently headquartered in San Diego, California. SEL further states that a significant number of employees who are most knowledgeable about SEL's marketing of its notebook computers through the online SonyStyle store, including the statements referenced in Plaintiff's Complaint about the battery life of Sony notebook computers on *www.sonystyle.com*, work, reside and

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

maintain their files at SEL's headquarters in San Diego, California.  SEL denies the remaining averments of subparagraph 118(g).

(h)      SEL admits that a significant number of employees who support the SonyStyle web site and who develop the Sony-authored content of the material displayed in the online SonyStyle store work and maintain their files at SEL's headquarters in San Diego, California and reside in the area.  Whether those individuals are "responsible for the representations about battery life" is a legal conclusion to which no response is required.

(i)      SEL admits that a significant number of employees who develop the Sony-authored content of the material displayed in the online SonyStyle store that Plaintiff allegedly used to purchase his Sony VAIO notebook work and maintain their files at Sony's headquarters in San Diego, California, and reside in the area.  SEL denies the remaining averments of paragraph 114(i).

(j)      SEL is informed and believes that BAPCo developed MobileMark 2007 and is a California corporation that has its office in California.  SEL denies that BAPCo is a "battery life testing center" and denies that BAPCo conducts battery life testing on VAIO notebook computers.

(k)      SEL admits the averments of subparagraph 114(k).

(l)      SEL admits the averments of subparagraph 114(l).

(m)      SEL admits the averments of subparagraph 114(m) only as they pertain to Plaintiff, Dennis Cardwell's purchase of the SR Series VAIO notebook computer.  SEL is without sufficient knowledge or information to form a belief as to the truth of averments concerning the location of evidence regarding the VAIO purchases of putative class members and therefore denies them.

(n)      SEL admits the averments of subparagraph 114(m) only as they pertain to Plaintiff, Dennis Cardwell's individual claims.  SEL is without sufficient knowledge or information to form a belief as to the truth of averments regarding the location of witnesses and documents concerning the claims of putative class members and therefore denies them.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

119.     Paragraph 119 of the Complaint states a legal conclusion to which no response is required.

120.     SEL denies the averments of Paragraph 120 of the Complaint.

## CLASS ACTION ALLEGATIONS

121.     SEL admits that Plaintiff purports to bring this action on behalf of the putative class defined in paragraph 121 of the Complaint, but SEL denies that Plaintiff has standing to represent any class or that any class can be certified.  Footnote 4 of paragraph 121 of the Complaint states legal conclusions to which no response is required.

122.     SEL denies the averments of paragraph 122 of the Complaint.

123.     SEL admits that it has sold VAIO notebook computers to residents of California, Missouri, and other states from time to time during the putative class period but denies the remaining averments of paragraph 123 of the Complaint.

124.     SEL denies the averments of paragraph 124 of the Complaint.

125.     SEL admits that Plaintiff, on behalf of the putative class, purports to seek damages in excess of $5,000,000, but SEL denies that Plaintiff and the putative class are entitled to any damages.

126.     Paragraph 126 of the Complaint contains Plaintiff's characterization of damages that he and putative class members plan to seek and requires no response, but SEL denies that Plaintiff and the putative class are entitled to recover any damages.

127.     SEL admits that the list price for certain models of VAIO notebook computers currently falls within the range stated in paragraph 127 of the Complaint but denies any remaining averments in paragraph 127.

128.     Paragraph 128 of the Complaint is argumentative and, as such, should be stricken and requires no response.  However, to the extent that any of the averments in paragraph 128 are factual in nature, SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 128 of the Complaint and therefore denies them.

129.     SEL denies the averments of paragraph 129 of the Complaint.

130.    SEL denies the averments of paragraph 130 of the Complaint.

131.    SEL denies the averments of paragraph 131 of the Complaint.

132.    SEL denies the averments of paragraph 132 of the Complaint.

133.    SEL denies the averments of paragraph 133 of the Complaint.

134.    SEL is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 134 of the Complaint and therefore denies them.

135.    SEL is without sufficient knowledge or information to form a belief as to the truth of the averments regarding Plaintiff's knowledge and therefore denies the averments of the first sentence of paragraph 135 of the Complaint.  SEL denies the averments in the second sentence of paragraph 135.

136.    Paragraph 136 of the Complaint, including its subparts, is argumentative and, as such, should be stricken and requires no response.  However, to the extent that any of the averments in paragraph 136 are factual in nature, SEL denies each and every averment set forth in paragraph 136.  SEL specifically denies that any of the questions of law or fact that Plaintiff has formulated are "common" to members of the class.

137.    SEL denies the averments of paragraph 137 of the Complaint.

138.    SEL is without sufficient knowledge or information to form a belief as to the truth of the averments regarding Plaintiff's knowledge and therefore denies the averments of paragraph 138 of the Complaint.

139.    SEL denies the averments of paragraph 139 of the Complaint.

140.    SEL denies the averments of paragraph 140 of the Complaint.

141.    SEL denies the averments of paragraph 141 of the Complaint.

## COUNT I

142.    SEL incorporates by reference its responses to paragraphs 1 through 141 of the Complaint as if fully set forth herein.

143.    Paragraph 143 of the Complaint merely purports to quote excerpts from a California statute, is argumentative and, as such, should be stricken and requires no response.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

144.     Paragraph 144 of the Complaint merely purports to quote excerpts from a California statute, is argumentative and, as such, should be stricken and requires no response.

145.     Paragraph 145 of the Complaint merely purports to quote excerpts from a California statute, is argumentative and, as such, should be stricken and requires no response.

146.     Paragraph 146 of the Complaint merely purports to quote excerpts from a California statute, is argumentative and, as such, should be stricken and requires no response.

147.     SEL denies the averments of paragraph 147 of the Complaint.

148.     Paragraph 148 of the Complaint is argumentative and, as such, should be stricken and requires no response.  However, to the extent that any of the averments in paragraph 148 are factual in nature, SEL denies the averments set forth in paragraph 148, including each and every subpart.

149.     Paragraph 149 of the Complaint is argumentative and, as such, should be stricken and requires no response.  However, to the extent that any of the averments in paragraph 149 are factual in nature, SEL denies each and every averment set forth in paragraph 149.

150.     SEL denies the averments of paragraph 150 of the Complaint.

151.     SEL denies the averments of paragraph 151 of the Complaint.

152.     SEL is without knowledge or information sufficient to form a belief as to the truth of averments regarding its credibility with the public.  SEL denies the remaining averments of paragraph 152 of the Complaint.

153.     The sufficiency or insufficiency of Plaintiff's pleading is a legal conclusion to which no response is required.  To the extent Paragraph 153 of the Complaint contains factual averments, SEL denies them.  SEL responds as follows to each subparagraph of paragraph 153:

(a)     Subparagraph 153(a) merely sets forth SEL's name, and no response is required.

(b)     SEL denies the averments of subparagraph 153(b).

(c)     SEL denies the averments of subparagraph 153(c).

(d)     SEL admits that it sold VAIO notebooks through the web site

23
ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT
Case No. 10-CV-00493 LAB (AJB)

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   *www.sonystyle.com* and in certain SonyStyle stores but denies the averment that any of its

2   conduct was "fraudulent" and denies any remaining averments in subparagraph 153(d).

3           (e)      SEL denies the averments of subparagraph 153(e).

4       154.      SEL denies the averments of paragraph 154 of the Complaint.

5       155.      SEL denies the averments of paragraph 155 of the Complaint.

6       156.      SEL denies the averments of paragraph 156 of the Complaint.

7       157.      The first sentence of paragraph 157 of the Complaint states a legal

8   conclusion to which no response is required.  SEL denies each and every remaining averment of

9   paragraph 157.

10       158.      SEL denies the averments of paragraph 158 of the Complaint.

11   **COUNT II**

12       159.      SEL incorporates by reference its responses to paragraphs 1 through 158 of

13   the Complaint as if fully set forth herein.

14       160.      Paragraph 160 of the Complaint merely purports to quote excerpts from a

15   California statute, is argumentative and, as such, should be stricken and requires no response.

16       161.      Paragraph 161 of the Complaint merely purports to quote excerpts from a

17   California statute, is argumentative and, as such, should be stricken and requires no response.

18       162.      SEL denies the averments of paragraph 162 of the Complaint.

19       163.      Paragraph 163 of the Complaint is argumentative and, as such, should be

20   stricken and requires no response.  However, to the extent that any of the averments in paragraph

21   163 are factual in nature, SEL denies the averments set forth in paragraph 163, including each

22   and every subpart.

23       164.      SEL is without knowledge or information sufficient to form a belief as to

24   the truth of averments regarding its credibility with the public.  SEL denies the remaining

25   averments of paragraph 164 of the Complaint.

26       165.      The first sentence of paragraph 165 of the Complaint states a legal

27   conclusion to which no response is required.  SEL denies each and every remaining averment of

28

paragraph 165.

166.    SEL denies the averments of paragraph 166 of the Complaint.

## **COUNT III**

167.    SEL incorporates by reference its responses to paragraphs 1 through 166 of the Complaint as if fully set forth herein.

168.    Paragraph 168 of the Complaint states legal conclusions to which no response is required.

169.    Paragraph 169 of the Complaint merely purports to quote excerpts from a California statute, is argumentative and, as such, should be stricken and requires no response.

170.    Paragraph 170 of the Complaint states a legal conclusion to which no response is required.

171.    SEL denies the averments of paragraph 171 of the Complaint.

172.    Paragraph 172 of the Complaint states legal conclusions to which no response is required.

173.    To the extent paragraph 173 of the Complaint quotes excerpts from the California Code, it states legal conclusions to which no response is required.  SEL denies that it violated any statute and denies the remaining averments of paragraph 173.

174.    SEL denies the averments of paragraph 174 of the Complaint.

175.    SEL denies the averments of paragraph 175 of the Complaint.

176.    SEL admits that it received a letter from Plaintiff, Dennis Cardwell, dated October 19, 2009, purporting to provide "notice" of Plaintiff's intent to file a class action lawsuit and admits that Plaintiff filed a document entitled "Affidavit of Venue under CLRA" with his First Amended Complaint.  SEL denies the remaining averments of paragraph 176 of the Complaint.

177.    SEL denies the averments of paragraph 177 of the Complaint.

178.    SEL admits that Plaintiff purports to seek restitution, injunctive relief, compensatory and punitive damages but denies that Plaintiff and the putative class are entitled to

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    any of the relief they seek.  SEL denies all remaining averments of paragraph 178 of the

2    Complaint.

3                                                    **COUNT IV**

4        179.       SEL incorporates by reference its responses to paragraphs 1 through 178 of

5    the Complaint as if fully set forth herein.

6        180.       Paragraph 180 of the Complaint merely purports to quote excerpts from a

7    California statute, is argumentative and, as such, should be stricken and requires no response.

8        181.       SEL denies the averments of paragraph 181 of the Complaint.

9        182.       SEL denies the averments of paragraph 182 of the Complaint.

10       183.       SEL denies the averments of paragraph 183 of the Complaint.

11       184.       SEL denies the averments of paragraph 184 of the Complaint.

12       185.       SEL admits that it received a letter from Plaintiff, Dennis Cardwell, dated

13   October 19, 2009, purporting to provide "notice" of Plaintiff's intent to file a class action lawsuit

14   but denies the remaining averments of paragraph 185 of the Complaint.

15                                                   **COUNT V**

16       186.       SEL incorporates by reference its responses to paragraphs 1 through 185 of

17   the Complaint as if fully set forth herein.

18       187.       Paragraph 187 of the Complaint states a legal conclusion to which no

19   response is required.

20       188.       Paragraph 188 of the Complaint states a legal conclusion to which no

21   response is required.

22       189.       SEL denies the averments of paragraph 189 of the Complaint.

23       190.       SEL denies the averments of paragraph 190 of the Complaint.

24       191.       SEL denies the averments of paragraph 191 of the Complaint.

25       192.       SEL denies the averments of paragraph 192 of the Complaint.

26       193.       SEL admits that it received a letter from Plaintiff, Dennis Cardwell, dated

27   October 19, 2009, purporting to provide "notice" of Plaintiff's intent to file a class action lawsuit

28

but denies the remaining averments of paragraph 193 of the Complaint.

194.     Paragraph 194 states a legal conclusion to which no response is required.

## RELIEF SOUGHT

195.     SEL incorporates by reference its responses to paragraphs 1 through 194 of the Complaint as if fully set forth herein.

196.     SEL admits that paragraph 196 of the Complaint lists the relief that Plaintiff purportedly seeks in this action but denies that Plaintiff or the putative class is entitled to any of the relief they seek in paragraph 196 and each and every one of its subparts.

## AFFIRMATIVE AND OTHER DEFENSES

SEL asserts these defenses to the averments in the Complaint.

## DEFENSES AGAINST NAMED PLAINTIFF

### FIRST AFFIRMATIVE DEFENSE

(Lack of Standing under Article III)

1.     Plaintiff lacks standing under Article III of the United States Constitution, and thus subject matter jurisdiction is lacking, because he did not sustain any injury-in-fact as a result of SEL's alleged conduct.  SEL is informed and believes that Plaintiff purchased the two VAIO notebook computers identified in the Complaint for purposes of facilitating this litigation. According to the Complaint, throughout August and September 2009, Plaintiff studied and carefully recorded the "representations" on the Internet web sites *www.sonystyle.com* and *www.sony.com* regarding the battery life of various models of VAIO notebook computers.  On August 10, 2009, Plaintiff purchased a "P" Series notebook through SEL's web site, but he returned it for a full refund after discovering that it did not have a DVD player.  Approximately two months later, on October 9, he purchased an "SR" Series model and, after he received the notebook computer, the first and only thing Plaintiff did with it was to methodically measure, to the minute, how long the machine would play a DVD while running on battery power in a

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

method identical to that utilized by another plaintiff in a battery life lawsuit earlier filed by his attorney against Best Buy.  The very next business day after completing his battery life tests, having already retained counsel, Plaintiff prepared a notice to SEL of his intent to sue.  His claimed "damages" thus were incurred to manufacture standing to bring this lawsuit, and therefore he cannot satisfy Article III.

### SECOND AFFIRMATIVE DEFENSE

(Lack of Standing under Cal. Bus. & Prof. Code § 17200)

2.      Plaintiff lacks standing under Cal. Bus. & Prof. Code §§ 17200 *et seq.* because he did not sustain any injury-in-fact and did not lose any money or property as a result of SEL's alleged conduct.  SEL is informed and believes that Plaintiff purchased the two VAIO notebook computers identified in the Complaint for purposes of facilitating this litigation.  According to the Complaint, throughout August and September 2009, Plaintiff studied and carefully recorded the "representations" on the Internet web sites *www.sonystyle.com* and *www.sony.com* regarding the battery life of various models of VAIO notebooks.  On August 10, 2009, Plaintiff purchased a "P" Series notebook through SEL's web site, but he returned it for a full refund after discovering that it did not have a DVD player.  Approximately two months later, on October 9, he purchased an "SR" Series model and, after he received the notebook computer, the first and only thing Plaintiff did with it was to methodically measure, to the minute, how long the machine would play a DVD while running on battery power in a method identical to that utilized by another plaintiff in a battery life lawsuit earlier filed by his attorney against Best Buy.  The very next business day after completing his battery life tests, having already retained counsel, Plaintiff prepared a notice to SEL of his intent to sue.  His claimed "damages" thus were incurred to manufacture standing to bring this lawsuit, and therefore he cannot satisfy the standing requirements of California law.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing under Cal. Bus. & Prof. Code § 17500)

3.     Plaintiff lacks standing under Cal. Bus. & Prof. Code §§ 17500 *et seq.* because he did not sustain any injury-in-fact and did not lose any money or property as a result of SEL's alleged conduct.  SEL is informed and believes that Plaintiff purchased the two VAIO notebook computers identified in the Complaint for purposes of facilitating this litigation.  According to the Complaint, throughout August and September 2009, Plaintiff studied and carefully recorded the "representations" on the Internet web sites *www.sonystyle.com* and *www.sony.com* regarding the battery life of various models of VAIO notebooks.  On August 10, 2009, Plaintiff purchased a "P" Series notebook through SEL's web site, but he returned it for a full refund after discovering that it did not have a DVD player.  Approximately two months later, on October 9, he purchased an "SR" Series model and, after he received the notebook computer, the first and only thing Plaintiff did with it was to methodically measure, to the minute, how long the machine would play a DVD while running on battery power in a method identical to that utilized by another plaintiff in a battery life lawsuit earlier filed by his attorney against Best Buy.  The very next business day after completing his battery life tests, having already retained counsel, Plaintiff prepared a notice to SEL of his intent to sue.  His claimed "damages" were incurred to manufacture standing to bring this lawsuit, and therefore he cannot satisfy the standing requirements of California law.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can be Granted)

4.     Plaintiff cannot state a claim for violation of the Consumer Legal Remedies Act because SEL is informed and believes that he purchased the two VAIO notebook computers identified in the Complaint for purposes of facilitating this litigation and therefore cannot establish that he was damaged because he relied on any "misrepresentation" made by SEL.

According to the Complaint, before he purchased any notebook computer from SEL, Plaintiff meticulously studied and carefully recorded the "representations" on the Internet web sites *www.sonystyle.com* and *www.sony.com* regarding the battery life of various models of VAIO notebooks.  The first and only thing Plaintiff did with the SR Series model he ordered was to methodically measure, to the minute, how long the machine would play a DVD while running on battery power in a method identical to that utilized by another plaintiff in a battery life lawsuit earlier filed by his attorney against Best Buy.  Plaintiff got exactly what he expected from the SR Series VAIO and thus was not injured by any "misrepresentation."

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can be Granted)

5.      Plaintiff cannot state a claim for violation of the Consumer Legal Remedies Act because, on information and belief, he purchased the two VAIO notebook computers identified in the Complaint for purposes of facilitating this litigation and not for personal, family, or household use.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can be Granted)

6.      Plaintiff cannot state a claim for any cause of action asserted in the Complaint because SEL did not represent or promise that the SR Series VAIO notebook computer Plaintiff purchased would provide any specified amount of battery life when used for DVD playback, the one use Plaintiff claims he made of the computer.  According to the Complaint, SEL did not make any averments regarding battery life for DVD playback in early October 2009 when Plaintiff ordered the SR Series VAIO at issue in this case.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can be Granted)

7.      Plaintiff cannot state any claim under California law because he has not established

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

any nexus between his claimed damages and the State of California.  According to the Complaint, Plaintiff is a Missouri resident complaining about representations he allegedly viewed in Missouri concerning a notebook computer he purchased in Missouri that was shipped to his Missouri work address.  California's presumption against the extraterritorial application of its statutes bars his claims asserted under California law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Warranties Disclaimed)

8.     Plaintiff cannot state a claim for violation of Section 2313 of the California Commercial Code because SEL disclaimed all warranties other than those provided on the limited warranty card included with the product at issue.

## NINTH AFFIRMATIVE DEFENSE

### (Voluntary Payment, Accord and Satisfaction, Ratification)

9.     Plaintiff's claims are barred by the doctrines of voluntary payment, accord and satisfaction, and ratification.  For example, the Complaint avers that Plaintiff carefully studied the materials on the SEL web site before making the purchase at issue and confirms he is aware of the Terms and Conditions of his purchase.  He cannot now seek to avoid a transaction he knowingly entered.

## TENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

10.     Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff would be unjustly enriched if he were allowed to recover damages sought in his Complaint.  SEL is informed and believes that Plaintiff purchased the SR Series notebook computer at issue in the Complaint for purposes of facilitating this lawsuit, and it would be unjust to reward him for litigious conduct when he sustained no injury-in-fact.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

11.     Plaintiff's claims are barred by the doctrine of estoppel.  For example, because Plaintiff's own actions in purchasing a notebook computer for purposes of facilitating litigation caused his claimed damage, as SEL is informed and believes, he is equitably estopped from claiming any liability on the part of SEL on any of the matters alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

12.     Plaintiff's claims are barred by the doctrine of waiver.  For example, when, as SEL is informed and believes, Plaintiff purchased a VAIO notebook computer to facilitate litigation, he relieved SEL of any obligation and/or duties alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13.     Plaintiff is barred from recovering on his equitable claims because he has unclean hands, in that, on information and belief, his claimed damages are a result of his own conduct in facilitating litigation.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Acts or Omissions)

14.     Plaintiff's claims are barred in whole or in part by his own acts or omissions.  For example, SEL is informed and believes that Plaintiff purchased the VAIO notebook computer at issue in the Complaint for purposes of facilitating litigation.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

15.     Plaintiff's alleged causes of action are barred and/or Plaintiff's recovery, if any, should be reduced to the extent Plaintiff's alleged damages were the result of his comparative

fault.  For example, SEL is informed and believes that Plaintiff purchased the VAIO notebook computer at issue in the Complaint, not because of any act or omission by SEL, but for purposes of facilitating litigation.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Acts or Omissions of Third Parties)

16.    Plaintiff's claims are barred because his claimed damages are the result of acts and omissions of third parties for which SEL is not responsible.  For example, the Complaint avers that the benchmarking tests used to measure battery life of notebook computers, that Plaintiff characterizes as "misleading," were developed by parties other than SEL.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Negligence of Others)

17.    If Plaintiff suffered or sustained any damages as alleged in the Complaint, which SEL denies, the damage was proximately caused and contributed to by persons other than SEL, and liability of all responsible parties, named or unnamed, should be apportioned according to the relative degree of fault and the liability of SEL should be reduced accordingly.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Consent)

18.    Plaintiff consented to and approved acts and omissions alleged in the Complaint because, among other things, he undertook his purchases of the two VAIO notebook computers identified in the Complaint pursuant to the Terms and Conditions acknowledged in the Complaint.  Therefore, Plaintiff is barred from pursuing his purported causes of action.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Implied Consent)

19.    Plaintiff, through his actions and conduct, impliedly consented to and approved acts and omissions alleged in the Complaint because, among other things, he undertook his purchases

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

of the two VAIO notebook computers identified in the Complaint pursuant to the Terms and Conditions acknowledged in the Complaint. Therefore, Plaintiff is barred from pursuing his purported causes of action.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

20.     Any damages or losses Plaintiff claims to have suffered resulted from his failure to take reasonable and necessary steps to mitigate, lessen, reduce and minimize those damages and losses. For example, Plaintiff could have returned the SR Series VAIO notebook for a full refund if he was dissatisfied with its performance. SEL should not be liable for damages or losses that Plaintiff failed to mitigate.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Terms and Conditions)

21.     Plaintiff's claims are barred by the Terms and Conditions that were posted on the SonyStyle web site and that govern Plaintiff's purchases, as acknowledged in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Valid Business Purpose)

22.     Plaintiff's claims are barred because the alleged conduct of SEL was at all times justified, fair, and undertaken in the good faith exercise of a valid business purpose.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Class Action)

23.     Plaintiff cannot satisfy the requirements for class treatment here because, among other things, his claims are not typical, there are no common issues of fact or law, Plaintiff is an inadequate class representative, and class treatment is not the superior method of adjudication. For example, Plaintiff is not an appropriate class representative because, on information and belief, he purchased a VAIO notebook computer to facilitate this litigation and did not rely on

the alleged "representations" on the SonyStyle website.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

24.     Although SEL denies that it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, to the extent that any such act is found, recovery of punitive damages against SEL is unconstitutional under numerous provisions of the United States Constitution including, without limitation, the Excessive Fines clause of the Eighth Amendment, the Due Process clause of the Fifth Amendment and Section 1 of the Fourteenth Amendment, and other provisions of the United States Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

25.     SEL reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by evidence in this case.

## DEFENSES AGAINST UNNAMED CLASS MEMBERS

It is impossible at this time to know the identity of any putative class members encompassed by the proposed class definition, and therefore to know all of the applicable defenses to those members' claims governed by Rule 8 of the Federal Rules of Civil Procedure. Accordingly, as to each defense that could be applicable to putative class members, SEL pleads as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing under Article III)

1.     On information and belief, one or more of the putative class members, like Plaintiff, lacks standing to bring these claims under Article III of the United States Constitution, since they suffered no damages as a result of SEL's alleged actions.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## SECOND AFFIRMATIVE DEFENSE

(Lack of Standing under Cal. Bus. & Prof. Code § 17200)

2.   On information and belief, one or more of the putative class members, like Plaintiff, lacks standing to bring these claims under Cal. Bus. & Prof. Code §§ 17200 *et seq.*, since they did not suffer injury in fact and lost no money or property as a result of SEL's alleged actions.

## THIRD AFFIRMATIVE DEFENSE

(Lack of Standing under Cal. Bus. & Prof. Code § 17500)

3.   On information and belief, one or more of the putative class members, like Plaintiff, lacks standing to bring these claims under Cal. Bus. & Prof. Code §§ 17500 *et seq.*, since they did not suffer injury in fact and lost no money or property as a result of SEL's alleged actions.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to State a Claim Upon Which Relief Can be Granted)

4.   On information and belief, one or more of the putative class members will be unable to state a claim on which relief may be granted because they will be unable to establish one or more of the elements of each cause of action asserted in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

(Failure to State a Claim Upon Which Relief Can be Granted)

5.   On information and belief, one or more of the putative class members who are not residents of California will be unable to state a claim on which relief may be granted because, like Plaintiff, they will be unable to establish any nexus between their claimed damages and the State of California.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SIXTH AFFIRMATIVE DEFENSE

(Warranties Disclaimed)

6.     On information and belief, one or more of the putative class members will not be able to state a claim for violation of Section 2313 of the California Commercial Code because SEL disclaimed all warranties other than those provided on the limited warranty card included with the product.

SEVENTH AFFIRMATIVE DEFENSE

(Voluntary Payment, Accord and Satisfaction, Ratification)

7.     On information and belief, one or more of the putative class members' claims will be barred by the doctrines of voluntary payment, accord and satisfaction, and ratification.

EIGHTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

8.     On information and belief, one or more of the putative class members' claims will be barred, in whole or in part, on the basis that they would be unjustly enriched if they were allowed to recover damages sought in the Complaint.

NINTH AFFIRMATIVE DEFENSE

(Estoppel)

9.     On information and belief, one or more of the putative class members' claims will be barred, in whole or in part, by the doctrine of estoppel.

TENTH AFFIRMATIVE DEFENSE

(Waiver)

10.     On information and belief, one or more of the putative class members' claims will be barred, in whole or in part, by the doctrine of waiver.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

11.     On information and belief, one or more of the putative class members' claims will be barred, in whole or in part, because they have unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Laches)

12.     On information and belief, one or more of the putative class members' claims will be barred by laches.  For example, Plaintiff seeks to certify a class of individuals who purchased VAIO notebook computers from November 1, 2005 to the present for three of his claims and those who purchased VAIO notebook computers from November 1, 2006 to the present for two of his claims.  One or more of the putative class members who purchased a computer in the early years of the alleged class periods (*i.e.*, 2005-2008) will have unjustifiably and unreasonably delayed in bringing this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

13.     On information and belief, one or more of the putative class members' claims will be barred by the applicable statutes of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Plaintiff's Acts or Omissions)

14.     On information and belief, one or more of the putative class members' claims will be barred by their own acts or omissions.  For example, some putative class members may not have properly used or maintained their VAIO notebook computers.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Comparative Fault)

15.     On information and belief, one or more of the putative class members' claims will

be barred and/or their recovery, if any, reduced to the extent their alleged damages were the result of their comparative fault.  For example, some putative class members may not have properly used or maintained their VAIO notebook computers.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Acts or Omissions of Third Parties)

16.     On information and belief, one or more of the putative class members' claims will be barred by because their claimed damages are the result of acts and omissions of third parties for which SEL is not responsible.  For example, the Complaint avers that the benchmarking tests used to measure battery life of notebook computers, that Plaintiff characterizes as "misleading," were developed by parties other than SEL.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Negligence of Others)

17.     On information and belief, if one or more of the putative class members suffered or sustained any damages as alleged in the Complaint, which SEL denies, the damage was proximately caused and contributed to by persons other than SEL, and liability of all responsible parties, named or unnamed, should be apportioned according to the relative degree of fault and the liability of SEL should be reduced accordingly.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Consent)

18.     On information and belief, one or more of the putative class members' claims will be barred because they consented to and approved acts and omissions alleged in the Complaint because, among other things, they undertook their purchases of VAIO notebook computers pursuant to the Terms and Conditions referenced in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Implied Consent)

19.     On information and belief, one or more of the putative class members' claims will be barred because through their actions and conduct they impliedly consented to and approved acts and omissions alleged in the Complaint because, among other things, they undertook their purchases of VAIO notebook computers pursuant to the Terms and Conditions referenced in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

20.     On information and belief, any damages or losses putative class members claim to have suffered resulted from their failure to take reasonable and necessary steps to mitigate, lessen, reduce and minimize those damages and losses.  SEL should not be liable for damages or losses that putative class members failed to mitigate.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Terms and Conditions)

21.     On information and belief, one or more of the putative class members' claims will be barred by the Terms and Conditions that were posted on the SonyStyle web site.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Valid Business Purpose)

22.     On information and belief, one or more of the putative class members' claims will be barred because the alleged conduct of SEL was at all times justified, fair, and undertaken in the good faith exercise of a valid business purpose.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure of Consideration)

23.     On information and belief, one or more of the putative class members' claims will

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT
Case No. 10-CV-00493 LAB (AJB)

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

be barred by failure of consideration.  For example, putative class members who failed to pay for their VAIO notebook computers are not entitled to recover any damages from SEL.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Offset/Setoff)

24.     On information and belief, SEL is entitled to offset or setoff against the claims of one or more of the putative class members.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Class Action)

25.     One or more of the putative class members, like Plaintiff, cannot satisfy the requirements for class treatment here because, among other things, their claims are not typical, there are no common issues of fact or law, each is an inadequate class representative, and class treatment is not the superior method of adjudication.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

26.     Although SEL denies that it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, to the extent that any such act is found, recovery of punitive damages against SEL is unconstitutional under numerous provisions of the United States Constitution including, without limitation, the Excessive Fines clause of the Eighth Amendment, the Due Process clause of the Fifth Amendment and Section 1 of the Fourteenth Amendment, and other provisions of the United States Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

27.     SEL reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by evidence in this case.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## DEMAND FOR RELIEF

WHEREFORE, SEL respectfully requests judgment against Plaintiff as follows:

a.      Having fully answered Plaintiff's Complaint, SEL asks that the Court dismiss the Complaint;

b.      Enter judgment in SEL's favor;

c.      Award SEL its costs of this action; and

d.      Grant all other appropriate relief.

Dated:  September 10, 2010          SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____/s/ Hannah F. Preston_____
        Hannah F. Preston (*pro hac vice*)
        211 N. Broadway, Suite 3000
        St. Louis, Missouri  63102
        Tel.:  314-241-1800
        Fax:  314-259-5959
        hpreston@sonnenschein.com

        Attorneys for Defendant,
        SONY ELECTRONICS INC.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2010, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all registered CM/ECF users.

John F. Medler, Jr.
The Medler Law Firm, L.L.C.
7700 Bonhomme Suite 360
Clayton, MO  63105

                    s/ Hannah F. Preston